IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alphonso Haynesworth,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Correct Care Recovery Solutions; South Carolina Department of Mental Health; SvpTp; C. Kunkle; G. Arnold; M. McDuffie; NFN Anderson; T. Jones; C. Goodwin; NFN Eugeniano; NFN McGriffin; C. Jacome; and Timothy J. Budz,<br><br>　　　　Defendants. | C/A No. 2:17-3247-CMC<br><br><br>**OPINION AND ORDER** |

Alphonso Haynesworth ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against Correct Care Recovery Solutions, ("Correct Care"), South Carolina Department of Mental Health ("DMH"), SvpTp[1], C. Kunkle; G. Arnold; M. McDuffie; NFN Anderson; T. Jones; C. Goodwin; NFN Eugeniano; NFN McGriffin; C. Jacome; and Timothy J. Budz[2] (collectively "Defendants") claiming violation of his constitutional rights pursuant to 42 U.S.C. § 1983.[3] ECF No. 1-1. Currently before the court are Plaintiff's Motion for Partial Summary Judgment (ECF No. 69), DMH's Motion for Summary Judgment (ECF No. 90), and

---

[1] Plaintiff is civilly committed to the Department of Mental Health's Sexually Violent Predator Treatment Program ("SCVTP").

[2] The individual Defendants appear to be employees of Correct Care, and are collectively referred to herein with Correct Care as the "Correct Care Defendants."

[3] Plaintiff originally filed the case in the Court of Common Pleas for Richland County, but Defendants removed to this court.

the Correct Care Defendants' Motion for Summary Judgment (ECF No. 91). Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of Defendants' summary judgment motions and the need to file an adequate response. ECF No. 93. All three motions have been fully briefed by the parties. *See* ECF Nos. 89, 92, 95, 97, 98, 103.

On October 30, 2018, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' motions for summary judgment be granted and Plaintiff's motion denied. ECF No. 117. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. All parties have filed objections, replies to objections, and two sur-replies. *See* ECF Nos. 120, 121, 122, 123, 124, 128, 129. This matter is ripe for the court's review.

## I.     Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

The Magistrate Judge recommends dismissing Plaintiff's constitutional claims, as his Due Process rights were not violated and he has failed to establish a serious deprivation of basic human need as required to prevail on his cruel and unusual punishment claim. ECF No. 117. The Report also recommends the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims of negligence and intentional infliction of emotional distress. *Id.* at 12-13.

Plaintiff asserts several objections to the Report. First, Plaintiff notes he filed this lawsuit in state court, and it was removed to this court by Defendants.[4] ECF No. 120 at 1. Plaintiff explains the removal standard, then argues his Amended Complaint "did clarify that 1st Amendment was really under the South Carolina Constitution as such there is no basis for this court to exercise Jurisdiction as there is no Federal Question Subject Matter Jurisdiction." *Id.* at 2-3. Plaintiff also argues a substantive point: he believes the phone system would automatically disconnect when a three-way call was initiated, and therefore he would have been unable to place a three-way call and should not have been punished for doing so. *Id.* at 3-4. He requests remand to "Richland County Court." *Id.* at 4.

Defendant DMH also objects to the Report, arguing the state law claims should be dismissed instead of remanded to state court. ECF No. 121. It also argues the alleged violation

---

[4] While he states "Defendants raised a federal question," it is clear his initial Complaint included claims under § 1983 and the Constitution, making them federal claims. Therefore, this court has jurisdiction to consider Plaintiff's federal claims, and supplemental jurisdiction over his state claims.

3

of Due Process should be analyzed under *Youngberg v. Romero*, 457 U.S. 307 (1982), but should still be dismissed. *Id.* at 3.

The Correct Care Defendants replied to Plaintiff's objections, arguing the court has jurisdiction over all of Plaintiff's claims despite Plaintiff's arguments he did not invoke federal jurisdiction. ECF No. 122 at 2. They further argue Plaintiff failed to present evidence Defendants violated his constitutional rights. *Id.* at 3. In addition, the Correct Care Defendants filed a reply to DMH's objections, agreeing the state law claims should be dismissed instead of remanded. ECF No. 123.

Defendant DMH also filed a reply to Plaintiff's objections, arguing his objections are baseless because it is clear this court has jurisdiction over Plaintiff's claims. ECF No. 124. In addition, it argues Plaintiff's due process rights were satisfied, as the Report found, regardless of whether Plaintiff was on a three-way call. *Id.* at 4-5.

Plaintiff filed a sur-reply to both replies. ECF Nos. 128, 129. Plaintiff argues the Correct Care Defendants did not timely file their objections, so they should not be considered.[5] ECF No. 128. He also discusses Eleventh Amendment Immunity, and requests the matter be remanded to state court. *Id.* Plaintiff argues Defendants moved for summary judgment on the basis of qualified immunity, which was substantially similar to grounds raised in previous motions, and so should be denied based on the "law of the case doctrine." ECF No. 129.

    *a. Federal claims*

---

[5] The Correct Care Defendants did not file objections to the Report, but only filed replies to the objections of other parties. ECF Nos. 122, 123. These replies were timely filed.

4

Plaintiff is a civilly and involuntarily committed patient of the Sexually Violent Predator Treatment Program ("SCPTP"), formerly operated by DMH and currently contracted to Correct Care. As determined by the Supreme Court, such a person

> has constitutionally protected liberty interests under the Due Process Clause of the Fourteenth Amendment to reasonably safe conditions of confinement, freedom from unreasonable bodily restraints, and such minimally adequate training as reasonably may be required by these interests. Whether respondent's constitutional rights have been violated must be determined by balancing these liberty interests against the relevant state interests. The proper standard for determining whether the State has adequately protected such rights is whether professional judgment in fact was exercised. And in determining what is "reasonable," courts must show deference to the judgment exercised by a qualified professional, whose decision is presumptively valid.

*Youngberg v. Romeo*, 457 U.S. 307, 307 (U.S. 1982).

The court agrees with the Magistrate Judge that Plaintiff's Due Process rights were not violated. The court has considered the sufficiency of the process provided Plaintiff under *Youngberg*, and finds Defendants satisfied this standard.[6] *See Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). The professionals within the SCPTP determined three-way calls were prohibited in order to protect victims, and further determined Plaintiff violated this prohibition after notice of the alleged violation and a hearing. Regardless of whether Plaintiff was actually on a three-way call or not, Plaintiff received notice of the charges against him and was afforded an opportunity to be heard regarding these allegations of misconduct in a hearing, in which he was given the chance to present evidence. The Correct Care employees appropriately exercised

---

[6] Although the Magistrate Judge analyzed the process due Plaintiff under the *Wolff* standard, the court agrees with Defendant DMH that *Youngberg* is the appropriate standard, as Plaintiff is involuntarily committed under the South Carolina Sexually Violent Predator Act, and not a prison inmate. *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982).

5

their professional judgment in bringing the violation against Plaintiff and in the process afforded to him.

No party specifically objected to the Magistrate Judge's finding and recommendation regarding Plaintiff's cruel and unusual punishment claim. The court therefore reviews that portion of the Report for clear error and, finding none, agrees with the Report no violation of Plaintiff's right to be free of cruel and unusual punishment occurred.

### b. *State Law Claims*

In his Amended Complaint, Plaintiff alleges "the tort of emotional distress of an unproper [*sic*] procedure and negligence, discrimination."[7] ECF No. 54 at 1. He alleges all Defendants acted "in gross negligence conspire a conspiracy ring to deprive the plaintiff of a due process causing a emotional distress injury from unproper procedure." *Id.* at 4 (errors in original).

While the Magistrate Judge recommended declining to exercise jurisdiction over the state law claim(s), Defendants have argued this court should dismiss them for failure to state a claim. ECF Nos. 121, 123. Plaintiff filed sur-replies to Defendants' replies to his objections, requesting the court remand the case to state court for adjudication of his state law claims. ECF Nos. 128, 129.

The court agrees Plaintiff has alleged no facts specific to any purported state law claims. He states Defendants' actions "against the plaintiff without need or provocation constitute the tort under law of negligence," and their actions "constituted negligence under state law," but did

---

[7] Construed liberally, Plaintiff seems to include state law claims for intentional infliction of emotional distress and negligence/gross negligence.

not allege any specific acts of negligence other than the general facts of the case. *See* ECF No. 54 at 7, 9. It does not appear, from the facts alleged, that any Defendant was negligent or grossly negligent in his treatment of Plaintiff.[8] Further, Plaintiff cannot meet the standard for intentional infliction of emotional distress. *Hansson v. Scalise Builders of S.C.*, 650 S.E.2d 68, 70 (S.C. 2007) (Under South Carolina law, Plaintiff must establish "(1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct; (2) the conduct was so "extreme and outrageous" so as to exceed "all possible bounds of decency" and must be regarded as "atrocious, and utterly intolerable in a civilized community;" (3) the actions of the defendant caused plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was "severe" such that "no reasonable man could be expected to endure it."). Again, he does not allege any facts specific to this cause of action, only alleging that the denial of due process was negligent and caused an "emotional distress injury." ECF No. 54 at 4. Plaintiff has failed to state a claim for his state law causes of action; therefore, they are dismissed without prejudice.

**III.     Conclusion**

Having conducted a *de novo* review of the Report and underlying motions and related memoranda, and having fully considered Plaintiff's objections, the court adopts the Report in part. The Report, therefore, is adopted and incorporated by reference, as supplemented in this order. Defendants' motions for summary judgment as to Plaintiff's federal claims (ECF No. 90, 91) are granted, Defendant's motions to dismiss Plaintiff's state law claims are granted, and

---

[8] The court notes, as DMH argues, all individual Defendants are employees of Correct Care, and Plaintiff alleges no facts specifically against DMH.

Plaintiff's motion for partial summary judgment (ECF No. 69) is denied. Plaintiff's federal claims are dismissed with prejudice, and his state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
December 20, 2018